UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| JESUS SEVILLA, | : | Case No. 2:23-cv-3297 |
| Petitioner, | : | |
| vs. | : | Chief Judge Algenon L. Marbley |
| | : | Magistrate Judge Elizabeth P. Deavers |
| TIM SHOOP, WARDEN, [CHILLICOTHE CORR. INST.], | : | |
| Respondent. | : | |

## OPINION AND ORDER

Jesus Sevilla, a state prisoner, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) The case has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and this Court's General Order 22-05. For the reasons that follow, the Undersigned concludes that the Petition is a second or successive petition under 28 U.S.C. § 2244(b) and must be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit.

### Background

In August 2006, a jury convicted Petitioner of murder and attempted murder with accompanying firearm specifications. (ECF No. 1, PageID 1.) *See also State v. Sevilla*, 10th Dist. Franklin No. 06AP-954, 2007-Ohio-2789 (June 7, 2007) (affirming convictions on direct appeal). The Ohio Court of Appeals described the case this way:

> {¶ 2} In the early morning hours of July 4, 2005, appellant and three other people, including appellant's nephew, went to a party outside the Wingate Village apartment complex on the west side of Franklin County, Ohio. Appellant's nephew got into an altercation with Salvador Quiroz, one of the people at the party. The two men were yelling and pushing each other. Appellant was near the altercation. He pulled out a gun and chambered a round of ammunition. Quiroz's friend, Victor

Fregoso, saw appellant holding the gun. He ran up from behind Quiroz, grabbed him in a bear hug, and tried to pull him away from the altercation. Appellant fired one shot at the two men. Fregoso sustained a broken jaw from a bullet that entered his right jaw and exited at his left temple. Quiroz died as a result of a gunshot wound to his upper chest area. A bullet was later recovered from Quiroz's body. Right after the shooting, appellant stood over Quiroz and aimed the gun at him, but the gun jammed and would not fire again. Appellant then fled the scene. Later that same day, detectives from the Franklin County Sheriff's Office apprehended appellant after a brief chase. The detectives found the gun used by appellant under some rocks in the area where they caught him.

{¶ 3} A Franklin County grand jury indicted appellant with one count of murder in violation of R.C. 2903.02 and one count of attempted murder in violation of R.C. 2923.02 as it relates to R.C. 2903.02. Both of these counts also contained a firearm specification pursuant to R.C. 2941.145. . . . Appellant entered a not guilty plea to the counts and proceeded to a jury trial.

{¶ 4} Three eyewitnesses testified that appellant was the only person at the party with a gun and that he fired one shot at Fregoso and Quiroz. Appellant admitted that he fired a shot at Fregoso and Quiroz but claimed that he did so in self-defense. The jury rejected appellant's claim of self-defense and found appellant guilty of murder and attempted murder as well as the firearm specification for each count.

*Id.* at ¶¶ 2-4.

Petitioner filed his first habeas corpus petition in December 2014. *Sevilla v. Warden*, No. 2:14-cv-2637, 2015 WL 5384225, at *2 (S.D. Ohio Sept. 14, 2015) (report and recommendation). This Court dismissed it as untimely. *Sevilla v. Warden*, No. 2:14-cv-2637, 2015 WL 5873287 (S.D. Ohio Oct. 8, 2015). When Petitioner appealed, the Sixth Circuit denied a certificate of appealability. *Sevilla v. Warden, Chillicothe Corr. Inst.* No. 15-4315 (6th Cir. June 29, 2016). The Supreme Court of the United States declined further review. *Sevilla v. O'Brien,* No. 16-5548, 580 U.S. 923 (Oct. 11, 2016).

Petitioner filed various challenges to his conviction in state court. *See* online docket of *State of Ohio v. Jesus Sevilla*, Case No. 05 CR 004630, available by name or case number search at https://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline/ (accessed October 23, 2023)

(hereinafter the "State Trial Case").[1]  As relevant here, in May 2022 Petitioner sought leave to file a delayed motion for new trial.  *Id*.  His request was denied, and the denial was affirmed.  *State v. Sevilla*, 10th Dist. Franklin No. 22AP-764, 2023-Ohio-1726, 2023 WL 3596789 (May 23, 2023).  The Supreme Court of Ohio declined further review.  *State v. Sevilla*, 171 Ohio St.3d 1406, 2023-Ohio-2972, 215 N.E.3d 561 (Aug. 29, 2023) (table).  The trial court's treatment of this motion appears to be the focus of the single ground for relief in Petitioner's new habeas corpus Petition.  (*See* ECF No. 1, PageID 5.)

Petitioner signed and submitted the instant Petition on September 28, 2023.  (ECF No. 1, PageID 15.)  In it, he challenges the same judgment as in his First Petition:  an August 2006 judgment sentencing him in the State Trial Case.[2]  (*Compare* ECF No. 1, PageID 1 herein *with* ECF No. 1, PageID 1 in Case No. 2:14-cv-2637.)  Petitioner does not acknowledge his First Petition in the new Petition.  (*See* ECF No 1, PageID 12.)

## Legal Standard

"Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 'a state prisoner always gets one chance to bring a federal habeas challenge to his conviction.'"  *In re Hill*, 81

---

[1] This Court may take judicial notice of court records that are available online to members of the public.  *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

[2] According to the Judgment Entry, the state trial court sentenced Petitioner to "a total of 18 years to life."  (ECF No. 13-1, PageID 253 in Case No. 2:14-cv-2637.)  *See also Sevilla v. Warden*, No. 2:14-cv-2637, 2015 WL 5384225, at *2 (S.D. Ohio Sept. 14, 2015) (noting that on "August 22, 2006, the trial court imposed an aggregate term of eighteen years to life incarceration.").

In both petitions, however, Petitioner says he was sentenced to *fifteen* years to life in August 2006.  (*See* ECF No. 1, PageID 1; ECF No. 1, PageID 1 in Case No. 2:14-cv-2637.)  The discrepancy may be due to the three-year sentence imposed on the firearm specification.

There is also a discrepancy with respect to the *date* of the sentence.  The First Petition lists the sentence as entered on August 22, 2006. (ECF No. 1, PageID 1 in Case No. 2:14-cv-2637.)  The new Petition lists the sentence as entered on August 24, 2006.  The Judgment Entry itself reflects that Petitioner's sentencing hearing was held on August 22, 2006, and that the formal Judgment Entry was journalized on August 24, 2006.  This is consistent with the online docket of the State Trial Case.

The Undersigned concludes that both petitions challenge the same judgment.

F.4th 560, 567 (6th Cir. 2023) (quoting *Banister v. Davis*, 140 S. Ct. 1698, 1704 (2020)). "But after that, the road gets rockier." *Id*. "For petitions filed after the first one – 'second or successive' petitions in the language of the statute – applicants must overcome strict limits before federal courts will permit them to seek habeas relief." *In re Stansell*, 828 F.3d 412, 413 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3)(A)). "To file a second or successive application in a district court, a prisoner must first obtain leave from the court of appeals based on a 'prima facie showing' that his petition satisfies the statute's gatekeeping requirements." *Banister*, 140 S. Ct. at 1704 (citing 28 U.S.C. § 2244(b)(3)(C), (b)(1) and (b)(2)); *see also Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010); Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).").

This District Court lacks jurisdiction to consider a "second or successive" petition filed without authorization and must transfer such a petition to the Court of Appeals for the Sixth Circuit for consideration. *Franklin v. Jenkins*, 839 F.3d 465, 475 (6th Cir. 2016); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam); 28 U.S.C. § 1631. The Sixth Circuit may authorize the district court to consider a successive petition only if petitioner makes the prima facie showing required in the statute. 28 U.S.C. § 2244(b)(3). The determination of whether a habeas application is second or successive, however, is committed to the district court in the first instance. *In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012).

The Sixth Circuit recently provided a "roadmap" for determining whether a petition is second or successive. *In re Hill,* 81 F.4th at 569 (6th Cir. August 25, 2023). The Court said:

> So first, we ask, is the second petition challenging a new judgment or an old judgment? *See Magwood*, 561 U.S. at 330-33, 130 S.Ct. 2788; *In re Caldwell*, 917

4

>F.3d 891, 893 (6th Cir. 2019); *In re Stansell*, 828 F.3d 412, 415 (6th Cir. 2016); *King v. Morgan*, 807 F.3d 154, 157 (6th Cir. 2015). If it's a new judgment, then the petition is not "second or successive," and we turn to the merits of the petition. *See King*, 807 F.3d at 157. If it's the old judgment that the petitioner challenged in his first petition, we next ask, is the claim presented an old claim or a new claim? *See In re Wogenstahl*, 902 F.3d 621, 627 (6th Cir. 2018). If it's an old claim—that is, one that was presented in the first petition—then it's a "second or successive" petition that must be dismissed under § 2244(b)(1). If it's a new claim, we ask whether it was either unripe or ruled unexhausted at the time of the first habeas filing. If so, then the petition isn't "second or successive." *See id.* at 627. If not, under the guidance we have from the Supreme Court, the petition is "second or successive," and the claim must meet the gatekeeping provisions under § 2244(b)(2)(B) to survive.
>
>Although a mouthful, we can sum it up this way: When a second-in-time petition raises a new claim purporting to question the previously challenged judgment, the new claim was neither unripe nor unexhausted the first go-around, and the petitioner nevertheless failed to raise the claim, it is "second or successive." *See In re Coley*, 871 F.3d 455, 457-58 (6th Cir. 2017).

*In re Hill*, 81 F.4th at 569.

## This Petition

As suggested above, Petitioner is challenging an **old judgment** in the new Petition—the August 2006 judgment sentencing him to an aggregate term of eighteen-years-to-life in prison. (ECF No. 1, PageID 1.) A "judgment" in this context "is the legal mechanism 'authorizing the prisoner's confinement,' i.e., typically conviction or sentencing." *In re Hill*, 81 F.4th at 569 (quoting *Magwood*, 561 U.S. at 332 and citing 28 U.S.C. § 2254 (explaining that "a district court shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the *judgment* of a State court" (emphasis added))). Although Petitioner has challenged that August 2006 judgment in the State Trial Case which has generated a new *decision* denying his motion, the record does not reflect that there has been a new *judgment*. As the *Hill* court explained:

>[Petitioner's] asserted . . . basis for habeas relief doesn't get him anywhere because it's attacking a motion-for-new-trial ruling. By definition, a motion for new trial attacks the original judgment. And a ruling on that motion doesn't create a new

5

> judgment—it's just another order. So the motion-for-new-trial ruling is not a judgment for purposes of § 2244(b).

*In re Hill*, 81 F.4th at 570.

"[W]e next ask, is the claim presented an old claim or a new claim?" *In re Hill*, 81 F.4th at 569. Here, the claim presented in the new Petition is as follows:

> **GROUND ONE:** EQUAL PROTECTION & DUE PROCESS
>
> (a) Supporting facts[:]
>
> After receiving newly discovered evidence which supported Petitioner's narrative and actual innocence, Petitioner filed Motion for Leave for New Trial. Despite the absence/withholding of medical records and ballistic reports, the lower courts refused to comply with Ohio's Criminal Rules.
>
> The properly framed affidavits give rise to the self-d[ef]ense argument and bring clarity to the actual events.

(ECF No. 1, PageID 5.) The motion was filed in the State Trial Case in May 2022, and the "new" affidavits purport to have been signed in December 2021 and January 2022.

In the First Petition, Petitioner:

> allege[d] that he was denied the effective assistance of counsel (claim one); that his conviction on the charge of attempted murder is against the manifest weight of the evidence (claim two); that cumulative error resulted in a miscarriage of justice (claim three); that he was denied due process (claim four); "engaging relief pursuant to 28 USCS(c)(1) (claim five); and that he was denied the equal protection of the law (claim six).

*Sevilla v. Warden*, No. 2:14-cv-2637, 2015 WL 5384225, at *2 (S.D. Ohio Sept. 14, 2015) (report and recommendation). The due process claim in the First Petition concerned the denial of DNA testing and disclosure of medical files (ECF No. 9, PageID 201, 204 in Case No. 2:14-cv-2637); the equal protection claim may have concerned actions by the Ohio Parole Authority (*id.*, PageID 203 in Case No. 2:14-cv-2637).

Thus, Petitioner's new ground for relief appears to present a **new claim**, inasmuch as it was not explicitly presented in the First Petition. It appears to refer to the denial of his delayed

6

new trial motion, which in turn relied on evidence he claimed was newly discovered: affidavits from a victim and a witness to the events leading to Petitioner's conviction. *See State v. Sevilla*, 10th Dist. Franklin No. 22AP-764, 2023-Ohio-1726, ¶ 3 (May 23, 2023). All of these documents, it appears, were prepared or filed after the First Petition was dismissed in October 2015. *See* "Motion for Leave to File a New Trial Under Criminal Rule 33(A)(2)(6) & (B) Upon Newly Discovered Evidence" in the State Trial Case (filed May 3, 2022). The documents appear intended to support Petitioner's view that one of the victims had a gun and Petitioner shot him in self-defense. *Id*. (*Cf.* Petition, ECF No. 1, PageID 5 ("The properly framed affidavits give rise to the self-d[ef]ense argument and bring clarity to the actual events.").)

This claim—that one of the victims had a gun and Petitioner shot him in self-defense, and therefore should have not been convicted of murder and/or attempted murder—was not "unripe" at the time of the First Petition, nor was it previously found to be unexhausted. *In re Hill*, 81 F.4th at 569. With respect to ripeness, a challenge to the government's presented view of the facts "has always been available" to Petitioner. *Id*. at 570. "Any new evidence undermining the government's trial testimony could go toward meeting the gatekeeping provisions under § 2244(b)(2)(B)," the Sixth Circuit has said, but it "couldn't go toward showing that the claim wasn't 'second or successive.'" *In re Hill*, 81 F.4th at 571 (citing *In re Wogenstahl*, 902 F.3d at 627). Because the new claim was neither unripe nor unexhausted, the new Petition is a second or successive petition under *Hill*'s roadmap.

However, to the extent that this claim is perceived as being Petitioner's allegation that the facts were not as the state prosecutors alleged them to be, then it may be considered an **old claim**. Petitioner asserted his view of the facts in the proceedings on his First Petition. For example, in his "Statement of Facts and Case" in his opposition to Respondent's motion to

7

dismiss, Petitioner specifically argued that witnesses had recanted their testimony, that there was a second gun, and that one victim shot the other, and he also suggested that he shot only in self-defense. (*See, e.g.*, ECF No. 18, PageID 1358-1359 in Case No. 2:14-cv-2637.) Viewed in this light, Petitioner's claim may be an old claim.

In either event, the Petition in this case is a "second or successive" petition under the roadmap set forth in *In re Hill.* 28 U.S.C. § 2244(b). Authorization from the Sixth Circuit is required before this District Court can consider it. *Franklin*, 839 F.3d at 473. The Petition is therefore **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit. The Clerk is **DIRECTED** to terminate this case from the Court's docket.

    **IT IS SO ORDERED.**

October 25, 2023                                      *s/ Elizabeth A. Preston Deavers*
                                                           ELIZABETH A. PRESTON DEAVERS
                                                           UNITED STATES MAGISTRATE JUDGE